302

## LANCE v. UNITED STATES.
### No. 12631.

United States Court of Appeals
Fifth Circuit.
Oct. 28, 1949.

J. F. Kemp, Atlanta, Ga., J. M. Johnson, Atlanta, Ga., for appellant.

Lamar N. Smith, Asst. U. S. Atty., Atlanta, Ga., J. Ellis Mundy, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, McCORD, and SIBLEY, Circuit Judges.

PER CURIAM.

Charged in four counts with violations of Sections 2810, 2834, 2831 and 2803, Title 26 U. S. Code Annotated, appellant was found guilty on the first count of the indictment charging possession and custody of an unregistered still, and not guilty on the remaining three counts. He is here insisting that whatever might be said as to the sufficiency of the evidence to convict him on some of the other counts, it is wholly insufficient to convict him on count one, the count on which he was convicted, of having in his possession, custody and control a still and distilling apparatus for the production of spirituous liquors, and in aiding and abetting others in having in their custody and control. Quoting from Bozza v. United States, 330 U.S. 160, at page 164, 67 S.Ct. 645, at page 648, 91 L.Ed. 818: "There was certainly ample evidence to show that Chirichillo carried on the business of a distiller and

that the petitioner helped him to do it. 18 U.S.C. Sec. 550, 18 U.S.C.A. § 550 [now § 2] provides that one who aids and abets another to commit a crime is guilty as a principal. Consequently, the jury was right to find, as it did, that the petitioner and Chirichillo were equally guilty of operating the business of the distillery." he insists that it is controlling here.

We do not think so. Here, in addition to circumstantial evidence, there was testimony of statements made by appellant to the officers as to his relations with the persons found at the still and his actions in connection with it which we think are ample to support the conviction. The judgment is right. It is affirmed.